IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-CR-89 |
| V. ) | (Phillips / Guyton) |
| ) | |
| GRAY Y. JORDAN, ) | |
| JULIA C. NEWMAN, ) | |
| also known as JULIE, ) | |
| also known as JULES, ) | |
| SHERRY FARMER, ) | |
| WILLIAM JORDAN, ) | |
| also known as CAPERS, ) | |
| MELVIN SKINNER, ) | |
| also known as BIG FOOT, and ) | |
| SAMUEL SKINNER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pre-trial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the undersigned on August 14, 2007, for arraignment on this indictment filed July 18, 2007. [Doc. 3]. Gray Y. Jordan, Julia Newman, Sherry Farmer and William Jordan were previously charged in United States v. Jordan, et al., case number 3:06-CR-102. Melvin Skinner and Samuel Skinner were previously charged in United States v. Skinner, case number 3:06-CR-100.

1

At the arraignment, Gray Y. Jordan was not present, but his attorneys Randall Reagan and Jeffrey Whitt appeared on his behalf. Attorney Reagan informed the Court that he has discussed the indictment with Mr. Jordan, who lives in California, and that his client understands the nature of the charges and waived his appearance at this hearing. Julia Newman was present with her counsel, Herbert S. Monceir and David Wigler. Attorney Monceir and Attorney Wigler asked that the Court note their participation in the hearing as a "special appearance" because they wished to preserve any future jurisdictional issues that may be raised in the future with respect to the instant "consolidated indictment" (as it had been described by the government). Sherry Farmer was not present, but her attorney Theodore Kern was present on her behalf. Attorney Kern reported that he has discussed the indictment with his client, who resides in Georgia and that she understood the charges and waived appearance at this hearing. William Jordan was not present, but his attorney Mark Sallee appeared by telephone. Attorney Sallee told the Court that he had reviewed the indictment and discussed its content with his client and that William Jordan understood the charges. Attorney Sallee tendered a plea of not guilty on behalf of William Jordan, observing that the charges are substantially the same as in his earlier case. Attorney Sallee told the Court that William Jordan also waived his appearance for the hearing. Melvin Skinner was present with his lawyer, Ralph Harwell. Samuel Skinner was present with his lawyer, Michael McGovern. The United States was represented by Assistant United States Attorneys Hugh B. Ward and David Jennings. AUSA Ward described the changes present in the instant indictment as compared with the two previous cases.

Because the charges in previous indictments and the instant indictment are similar, the Court accepted the oral representation of waiver of appearance for the purpose of arraignment as made by counsel on behalf of Gray Y. Jordan, Sherry Farmer, and William Jordan. Counsel for those

defendants are advised that a written waiver must be submitted in accordance with <u>Federal Rules of Criminal Procedure</u>, Rule 10 (6)(2). Any defendant who fails to file such written waiver within 14 calendar days from the entry of this Order will be scheduled for a personal appearance before the Court for arraignment.

Defendants Julia Newman and Gray Y. Jordan declined to enter a plea to this indictment. Accordingly, the Court entered a plea of not guilty on their behalf pursuant to <u>Federal Rules of Criminal Procedure</u>, Rule 11(a)(4).

The Court set a trial date for this matter of December 3, 2007. Defendants Newman, Jordan and Farmer contested the scheduling of a trial date beyond that which was previously set for the predecessor cases. Defendant Melvin Skinner and Defendant Samuel Skinner informed the Court that they could not be prepared to meet the new charges in the instant indictment by the trial date previously scheduled in either <u>United States v. Jordan, et al.</u>, case number 3:06-CR-102, or <u>United States v. Skinner, et al</u>, case number 3:06-CR-100. Attorney Harwell said that one substantive count and a money laundering count have been added as to his client and the dates of the conspiracy have been expanded beyond that previously charged in his case. Attorney McGovern joined in Attorney Harwell's position.

The Court finds the request made by Melvin Skinner and Samuel Skinner for a trial date consistent with the 30 day rule found at 18 U.S.C. § 3161(c)(2) to be well-taken. These defendants are entitled to an adequate time in which to prepare their defense to the additional charges, even if other defendants prefer to proceed to trial in less than 30 days. The Court has previously declared <u>United States v. Jordan, et al.</u>, case number 3:06-CR-102, to be complex for purposes of the Speedy Trial Act, 18 U.S.C. § 3161, et seq., upon motion of all defendants in that case [Doc. 133] due to the

scope of the investigation, the time span of the conspiracy, the number of defendants, and the quantity of discovery and other documents involved. Because the reasons applicable to that case are equally applicable to this case, the Court finds this case is so unusual or so complex, due to the number of defendants and the nature of the prosecution, that it is unreasonable to expect adequate preparation for the trial within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161 (h)(8)(B)(ii). Therefore, the Court does find and declare this case to be complex for purposes of the Speedy Trial Act. 18 U.S.C. § 3161, et seq.

The Court notes that some parties present at the hearing indicated they were considering filing objections to the United States' motions to dismiss the instant defendants from the previous indictments. The Court advised counsel that any such filings should be filed within two days of this hearing so that the District Court may be advised of their opposition promptly. Attorneys wishing to file pleadings in relation to a pending motion/appeal in the prior case should make that filing in the prior case. All other filings relating to these defendants should be filed in the new action.

Accordingly, it is **ORDERED**:

(1) The trial of this matter is set to commence on **December 3, 2007, at 9:00 a.m.**, before the Honorable Thomas Phillips, United States District Judge;

(2) The government shall provide discovery by **August 21, 2007**, consistent with the Order on Discovery and Scheduling;

(3) All pretrial motions shall be filed on or before **September 12, 2007**;

(4) Responses to motions are due **September 26, 2007;**

(5) The pretrial conference is reset to commence on **November 20, 2007 at 9:30 a.m.**, before the Honorable H. Bruce Guyton., United States Magistrate Judge;

4

(6) The Motion to Consolidate Cases **3:06-CR-100 [Doc. 89]** is **UNSEALED**; the same motion filed as Motion to Consolidate Cases **3:06-CR-102 [Doc. 189]** is **UNSEALED**;

(7) Defendants Gray Y. Jordan, Sherry Farmer, and William Jordan shall file written waiver of appearance for arraignment within 14 days, pursuant to Rule 10(b)(2).

**IT IS SO ORDERED.**

                                          ENTER:

                                            s/ H. Bruce Guyton
                                       United States Magistrate Judge