UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-CR-89 |
| V. ) | (Phillips / Guyton) |
| ) | |
| JULIA NEWMAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Several pretrial motions are pending hearing before this Court on December 20, 2007. The Court has reviewed each motion and the authority set forth in support and finds that the parties have presented a thorough statement of their arguments and that a hearing is not necessary to disposition of every motion. Specifically, the following motions are subject to disposition on their merits without hearing and are addressed herein:

 1. Motion to Dismiss or in the Alternative to Compel the Government File a Fed. R. Crim. P. 7(c) Bill of Particulars and for a Continuance [Doc. 35] *filed by Julia Newman*

 2. Motion to Exclude Late Produced Discovery Pursuant to Fed. R. Crim. P. 16 (d) [Doc. 36] *filed by Julia Newman*

 3. Motion to Renew Request for Rule 12(b)(4)(B) Notice [Doc. 37] *filed by Julia Newman*

 4. Motion to Compel Fed. R. Crim. P. 16(a)(1)(E) Jail Telephone Tape Recordings of Scott West, Mike West and Phillip Apodaca or Other Cooperating Witnesses [Doc. 44] *filed by Julia Newman*

## 1. MOTION TO DISMISS OR IN THE ALTERNATIVE TO COMPEL THE GOVERNMENT FILE A FED. R. CRIM. P. 7(C) BILL OF PARTICULARS AND FOR A CONTINUANCE [DOC. 35]
(NEWMAN)

### A. Defendant

In this motion, defendant Julia Newman argues that although this Court ordered the United States to provide a Bill of Particulars in the predecessor case, the government never did so.[1] Newman argues that instead of narrowing the scope of the charge against her, as intended to be accomplished in the Bill of Particulars, the government has instead expanded the case by increasing the time span of the conspiracy, the geographic range of the criminal activity and the number of defendants by the "consolidated" indictment. Newman asserts that this government action only increases the earlier necessity for a Bill of Particulars as to her alleged participation. Newman argues that she cannot meaningfully identify and file pretrial motions without the Bill of Particulars first requested on January 11, 2007, and ordered by this Court on June 25, 2007. 3:06-CR-102 [Doc. 147]. Newman argues that this condition is exacerbated by the ongoing disclosure of large amounts of Rule 16 material from the government. Newman raised this issue at the time of the consolidated indictment proceedings, but reports that the government still has not provided the Bill of Particulars.

Newman asks that the Court provide a remedy in three alternative forms of relief. First, Newman argues that it is appropriate for the Court to dismiss the indictment, stating that to do otherwise condones the government conduct in derogation of this Court's order. Second, Newman proposes severance of her case for trial from the other defendants in this indictment. As a third

---

[1] A provisional restatement of the procedural history of this consolidated indictment may be found in this Court's Memorandum and Order entered August 14, 2007, as [Doc. 9]. The parties are certainly familiar with this background and it will not be repeated in this Order, although it may be relevant for the context of some motions pertaining to earlier proceedings in predecessor cases.

remedy, Newman asks for a continuance of the December 3, 2007, trial date in order to properly prepare in light of the delayed Bill of Particulars.

### B. Government

The United States has filed a consolidated response in opposition to a number of Newman's motions at [Doc. 47], setting forth its position as to this motion at pages 2 - 9. The government argues that Newman is aware of the proof that the government will present at trial regarding her participation in the alleged conspiracy. The government asserts that Newman should therefor not be afforded relief from the prosecution's failure to respond with a formal Bill of Particulars because she has been in possession of the same information from other sources. The United States' response now sets forth the information ordered in the earlier case, describing the function of the conspiracy the government will attempt to prove overall and then Newman's alleged specific involvement at [Doc. 47, pages 6 and 7]. The government argues that it has not failed to comply with the order to provide a Bill of Particulars and sets forth various dates of disclosure of the same information to Newman through other means.

### C. Conclusion

The Court finds that the government's description of what it seeks to prove at trial regarding the conspiracy and Newman's involvement satisfies the defendant's request for a Bill of Particulars. While the Court does not find the United States did or did not delay compliance with the order to provide this information, it does find that at this point no further remedy is warranted because the December 3, 2007, trial date has been continued for other reasons. [Doc. 53]. The trial has been continued some five months in order that the parties may pursue all pretrial motions and prepare for trial thereafter. This continuance affords time for Newman to consider the United States' response

3

and prepare accordingly. Julia Newman's Motion to Dismiss or in the Alternative to Compel the Government File a Fed. R. Crim. P. 7(c) Bill of Particulars and for a Continuance **[Doc. 35]** is **DENIED**.

### 2. MOTION TO EXCLUDE LATE PRODUCED DISCOVERY PURSUANT TO FED. R. CRIM. P. 16 (D) [DOC. 36]
(NEWMAN)

#### A. Defendant

Defendant Newman argues that the United States, as of the time the motion was filed, continues to produce Rule 16 discovery that was ordered in the predecessor case <u>United States v. Jordan</u>, <u>et al.</u>, 3:06-cr-102 as to that alleged conspiracy, without having ever sought an extension from the Court. Newman argues that all Rule 16 material pertaining to the originally-charged conspiracy was withheld from Newman by the government under the assertion this material pertained to other defendants. Newman argues that this position did not take into account the *conspiracy* charge against Newman, which made Rule 16 material pertaining to the alleged co-conspirators relevant to her defense. Newman asserts that the government has never offered any justification for the manner in which it has provided discovery in violation of the Scheduling Order.

In her filing, Newman proposes two alternative remedies. First, Newman argues that the appropriate sanction at this late date is the exclusion of that evidence at trial against Newman. Should the Court order this sanction, Newman argues this will necessitate her severance from the co-defendants to whom this sanction would *not* apply (because they received the discovery material being excluded). Alternatively, Newman argues that a continuance of the trial date is appropriate so that she may effectively review and utilize the discovery material now being provided.

4

### B. Government

The entire government response to this motion reads:

> The United States is complying with this Court's standing Order on Discovery and Scheduling that it shall be the continuing duty of counsel on both sides to immediately reveal [sic] opposing counsel all newly discovered information and other material in the scope of this Order [Doc. 11]. Defendant makes no citation to case authority in support of its [sic] argument that such discovery provided on an ongoing basis pursuant to this Court's standing Order should be excluded.

[Doc. 47]

### C. Conclusion

Newman raises a serious issue with the manner in which Rule 16 discovery has been provided in this case. The United States has not denied the defendant's description of the discovery violations. The Court expects the government to provide Rule 16 discovery according to the terms of the Order on Discovery and Scheduling in every case. In this case, that Order was entered on August 14, 2007, as [Doc. 11]. Although the government asserts that Newman has cited no authority in support of her position, the Federal Rules of Criminal Procedure give the Court discretion in fashioning the proper remedy for discovery abuses. Fed.R.Crim.P. 16(d)(2) provides that a court may "grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other orders as it deems just under the circumstances." Id. The trial in this case has already been continued, as described above, for other reasons. The continuance will allow Newman an opportunity to sufficiently review the Rule 16 material at issue, one remedy available if the Court were to conclude the government committed a discovery violation. The issue is now whether a more severe remedy is warranted under the circumstances.

5

In deciding whether suppression of evidence is an appropriate remedy, a court should consider:

(1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess. United States v. Ganier, 468 F.3d 920, 927 (6th Cir. 2006) (citing United States v. Maples, 60 F.3d 244, 247 (6th Cir. 1995)).

The Court finds the record does not reflect bad-faith conduct by the government. The government may have been negligent in compiling Rule 16 materials it believed pertained to other defendants, "but negligence does not, by itself, warrant suppression." Ganier, 468 F.3d at 928.

The Court observes that if there was any identifiable prejudice to Newman, it was minimal in the context of this case. It was necessary to continue the trial of this case regardless of the asserted late disclosures. Because the trial was continued for unrelated reasons not otherwise attributable to the government, Newman now has time to review the material and prepare for their proposed use at trial, an alternate remedy the motion suggests.

A continuance of the trial is the preferred remedy for discovery violations. The Court concludes the prejudice to Julia Newman has been cured by a trial continuance. The prejudice to the defendant under these circumstances does not warrant dismissal. C.f., United States v. White, 985 F.2d 271, 276 (6th Cir. 1993). Motion to Exclude Late Produced Discovery Pursuant to Fed. R. Crim. P. 16 (d) **[Doc. 36]** is **DENIED**.

6

Case 3:07-cr-00089-RLJ-HBG   Document 54   Filed 12/05/07   Page 6 of 10   PageID #: 25

### 3. MOTION TO RENEW REQUEST FOR RULE 12(B)(4)(B) NOTICE [DOC. 37]
(NEWMAN)

A. Defendant

Newman originally requested Rule 12(b)(4)(B) disclosure in the predecessor case 3:06-CR-102 as Motion to Move Instanter To Compel The Government To File F.R.Cr.P. 12(b)(4) Notice And An Exhibit List 3:06-CR-102 [Doc. 31]. That request was denied by this Court in 3:06-CR-102 at [Doc. 147] and that ruling was upheld by the District Court at 3:06-CR-102 [Doc. 192]. Newman argues that since that time, the United States continues to produce numerous pieces of evidence in discovery. Newman argues that it is critical to know what evidence the government intends to introduce against her at trial so that she can lodge relevance objections prior to trial or identify and file any motions to suppress. Newman asks the Court to order that the government designate from the Rule 16 material what evidence it intends to use in its case-in-chief against Newman at trial.

B. Government

The United States has filed a response in opposition at [Doc. 47] and relies upon the fact that the Court has previously ruled upon this issue and rejected Newman's position.

C. Conclusion

The Court finds that disclosure at the defendant's request under Rule 12 is limited by its own terms to "any evidence that the defendant may be entitled to discover under Rule 16." Rule 12(b)(4)(B). The 1974 Advisory Committee Notes for this Rule explain that:

> Subdivision (b)(4) provides for a pretrial request for discovery by either the defendant or the government to the extent to which such discovery is authorized by Rule 16.

7

Rule 12(b)(4)(B) simply does not provide the remedy sought by Newman. The Court has ordered the disclosure of Rule 16 material. Assuming the government continues to disclose Rule 16 material after the deadline which may necessitate a motion to suppress, Newman is directed to file the motion to suppress along with a request for leave to late file describing the circumstances and, specifically, what untimely Rule 16 disclosure gave rise to the need for the motion to suppress. Rule 16 itself contains remedies for Rule 16 violations, which do not include designation. Newman's Motion to Renew Request for Rule 12(b)(4)(B) Notice **[Doc. 37]** is **DENIED.**

### 4. MOTION TO COMPEL FED. R. CRIM. P. 16(A)(1)(E) JAIL TELEPHONE TAPE RECORDINGS OF SCOTT WEST, MIKE WEST AND PHILLIP APODACA OR OTHER COOPERATING WITNESSES [DOC. 44]
(NEWMAN)

A. Defendant

Citing Rule 16 (a)(1)(E), Newman makes a request parallel to that made by Defendant Vicente Corona in United States v. Hughes, 3:05-CR-148, and includes reference to that case. Newman asserts that the trial date in the Corona case had to be continued by several months in part because the government turned over jail telephone tape recordings too close to the start of the trial for their use by the defense. This defendant asks that recordings of the same nature as those in the Corona case be disclosed to Newman well enough in advance of the trial date to allow for meaningful review and use at trial. Specifically, Newman seeks:

> 1. Tape recordings of jail telephone calls for each cooperating witness who has been in the custody of the federal authorities;
>
> 2. Jail telephone bills for each cooperating witness who has been in the custody of the federal authorities; and
>
> 3. Telephone logs kept by the jailers on these prisoners' calls.

8

Newman requests the information for all cooperating witnesses, naming specifically Scott West, Mike West and Phillip Apodaca. The three named persons have been charged in a separate case alleged to be related to other cases brought in this district to include the indictment charging Newman.

### B. Government

The government responds in opposition at [Doc. 47], relying in part on this Court's ruling in the Corona case on this issue. The response also argues that these recordings do not fall within any category set forth in Rule 16 (a)(1)(E), which describes the material subject to disclosure under that rule. The government argues that a defendant may discover his own statements, but not those made by co-defendants or co-conspirators.

### C. Conclusion

In United States v. Hughes, 3:05-CR-148, Defendant Vicente Corona filed a Motion for Date of Production to the Court of Subpoenaed Items for Examination by Counsel Pursuant to Fed. R. Crim. P. 17(c), designated as [Doc. 206] in that case, along with a number of supplements. The United States moved to quash the defendant's subpoena [Doc. 228] and the parties litigated the resulting issues. This Court issued a ruling by Memorandum and Order, filed March 22, 2007, [Doc. 262], which denied Corona's request. That ruling was later confirmed by the District Court [Doc. 300]. Newman is mistaken in her understanding that "[i]n United States v. Corona tape recorded conversations of federal prisoners in federal custody by contract with state facilities were determined to be discoverable under Fed. R. Crim. P. 16(a)(1)(E)." [Doc. 44, page 1]. The Court was later

9

advised that the United States produced this type of recordings to Corona, but it was not ordered to do so, having prevailed in the effort to quash Corona's subpoena.

Finding no authority to order the disclosures sought by the defendant, Newman's Motion to Compel Fed. R. Crim. P. 16(a)(1)(E) Jail Telephone Tape Recordings of Scott West, Mike West and Phillip Apodaca or Other Cooperating Witnesses **[Doc. 44]** is **DENIED**.

### CONCLUSION

For the reasons stated above, it is ORDERED:

> 1. Motion to Dismiss or in the Alternative to Compel the Government File a Fed. R. Crim. P. 7(c) Bill of Particulars and for a Continuance **[Doc. 35]** is **DENIED**;
>
> 2. Motion to Exclude Late Produced Discovery Pursuant to Fed. R. Crim. P. 16 (d) **[Doc. 36]** is **DENIED**;
>
> 3. Motion to Renew Request for Rule 12(b)(4)(B) Notice **[Doc. 37]** is **DENIED**; and
>
> 4. Motion to Compel Fed. R. Crim. P. 16(a)(1)(E) Jail Telephone Tape Recordings of Scott West, Mike West and Phillip Apodaca or Other Cooperating Witnesses **[Doc. 44]** is **DENIED**.
>
> **IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

10

Case 3:07-cr-00089-RLJ-HBG   Document 54   Filed 12/05/07   Page 10 of 10
PageID #: 29