IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CR-89 |
| ) | (PHILLIPS/GUYTON) |
| GRAY Y. JORDAN, JULIA C. NEWMAN, ) | |
| SHERRY FARMER, WILLIAM JORDAN, ) | |
| MELVIN SKINNER, and ) | |
| SAMUEL SKINNER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This case comes before the Court on defendant Melvin Skinner's Motion To Suppress [Doc. 126], filed on January 12, 2009. At the pretrial conference on January 13, 2009, defendant Samuel Skinner orally moved to adopt parts 2, 3, and 4 of the Motion. The government filed a response in opposition [Doc. 129], asserting that the Motion To Suppress is not timely and was made after the deadline for filing motions, and without leave to file. The government also opposed the oral motion by defendant Samuel Skinner for the same reasons.

The Motion To Suppress seeks to exclude from evidence in this case certain recorded jailhouse conversations involving Melvin Skinner and Samuel Skinner. The parties agree, and the Court finds, that (1) the recordings were played by the government for defendant Melvin Skinner on April 28, 2008, and (2) transcripts of the recordings were provided to the defendant on November 18, 2008. The Court, therefore, finds that the defendant was aware of the existence of, and the

1

contents of, the recorded jailhouse conversations on April 28, 2008, and as of that date was aware that the said recordings constituted evidence which the government could seek to introduce at trial.

Motions to suppress evidence must be made before trial. Fed. R. Crim. P. 12(b)(3). Parties not raising a suppression issue before the motion-filing deadline have waived the issue, and defendants Melvin and Samuel Skinner have failed to show good cause for the Court to grant relief from their waiver of the present suppression motion. Fed. R. Crim. P. 12(e). Therefore, the Court finds that the Motion To Suppress [**Doc. 126**] is not timely, and accordingly, is **DENIED**. Defendant Samuel Skinner's oral motion to adopt the Motion to Suppress is likewise **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge