UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:07-CR-89 |
| | ) | (PHILLIPS/GUYTON) |
| GRAY Y. JORDAN, JULIA C. NEWMAN, SHERRY FARMER, WILLIAM JORDAN, MELVIN SKINNER, and SAMUEL SKINNER, | ) | |
| Defendants. | ) | |

## PRETRIAL ORDER

This action came before the Court for a pretrial conference on January 13, 2009. Hugh B. Ward, Jr. and David Lewen were present as counsel for the government. Randall E. Reagan and Jeffrey Whitt were present as counsel for defendant Gray Y. Jordan; Julia C. Newman was present representing herself pro se with Kelly S. Johnson present as standby counsel; Mark T. Sallee was present by telephone representing the defendant William Jordan; Michael P. McGovern was present representing defendant Samuel Skinner; Ralph Harwell was present representing defendant Melvin Skinner; and Theodore Kern was present representing defendant Sherry Farmer.[1] The following actions were taken.

**I.**

There are no pending motions in this case.

---

[1] Attorney Kern announced that defendant Farmer has signed a plea agreement and will not be going to trial.

## II.

Trial procedures to be followed in this case are as follows:

(a) **Jury Selection**. The Court will conduct a preliminary voir dire examination of the jury, and then counsel will be permitted to conduct voir dire examination. The Court reserves the right to interrupt counsel and conduct voir dire on its own if counsel ask improper questions or if the proceedings are unnecessarily prolongated.

(b) **Peremptory Challenges**. The defendants cumulatively shall have eighteen (18) peremptory challenges and the government shall have ten (10).

(c) **Novel Legal Issues for the Court**. No novel or unusual legal issues were identified as of the time of the pretrial conference.

(d) **Novel Evidentiary Issues for the Court**. Defendant William Jordan raised the possibility of issues relating to spousal privilege as between defendant Jordan and his ex-wife. Defendant Melvin Skinner indicated that he would make a standing objection to matters of his apprehension and the search of his vehicle in Texas.

(e) **Special Requests for Jury Instructions**. If counsel have any special requests for instructions to the jury, the same shall be filed on or before January 15, 2009.

(f) **Admissions and Stipulations**. Counsel should meet in advance of trial and carefully review the trial exhibits with a view toward stipulating the admissibility of as many exhibits as possible. Any admissions and stipulations of fact to be used at trial shall be signed by Defendant's attorney and the Defendant and filed at least five (5) working days before trial.

(g) **Courtroom Decorum**. Counsel are encouraged to familiarize themselves with Local Rule 83.3 and ensure that their clients are familiar with the contents of this rule.

## III.

This case will proceed to trial before the Honorable Thomas W. Phillips and a jury, to commence at **9:00 a.m. on January 20, 2009**.

If counsel have any objections to this Pretrial Order, such objection should be taken up pursuant to Local Rule 72.4(b), EDTN.

**IT IS SO ORDERED.**

ENTER:

      s/ H. Bruce Guyton
United States Magistrate Judge

3

Case 3:07-cr-00089-RLJ-HBG    Document 136    Filed 01/13/09    Page 3 of 3    PageID #: 554